**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|              ) | |
|      Plaintiff, ) | |
|   v. ) | No. 4:04-cr-00060-SEP |
|              ) | |
| BRENDA MILLS and ) | |
| FRISELLA BROWN, ) | |
|              ) | |
|      Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants' post-judgment motions in this closed criminal case, Docs. [145], [147], [148].  Defendants' arguments for vacating their sentences must be brought under 28 U.S.C. § 2255 if Defendants are in custody or by *coram nobis*—which is "substantially equivalent" to § 2255—if Defendants are not in custody.  *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979).  Because this Court requires such motion or petition to be filed as a separate civil action, Defendants' Motion for Relief from Judgments Pursuant to Federal Rules of Procedure is denied without prejudice.

Should either Defendant decide to bring a motion to vacate under § 2255 or a petition for writ of error *coram nobis*, she must file such motion or petition as a separate action on behalf of herself alone.  On receiving such motion or petition, the Clerk of Court will open a new civil action for that Defendant.

Because at least one of the Defendants has previously filed a § 2255 motion, *see Mills v. United States*, No. 4:08-cv-00310 (E.D. Mo. Mar. 3, 2008), the Court notes that "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  And while a *coram nobis* petitioner whose motion to vacate was denied while in custody is not required to obtain authorization from a three-judge panel of the courts of appeals, the petition is still

"subject to the restrictions on second or successive § 2255 motions set forth in § 2255(h)(1) and (2)." *Baranski v. United States*, 880 F.3d 951, 955-56 (8th Cir. 2018). Moreover, "a petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is." *Hampton v. United States*, 2014 WL 7031972, at *2 (E.D. Mo. Dec. 11, 2014) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly")). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get Out of Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Relief from Judgments Pursuant to Federal Rules of Procedure, Doc. [145], Pro Se Motion for Expedited Judicial Notice of Adjudicated Facts, Doc. [147], and Motion for Hearing, Doc. [148], are **DENIED** without prejudice.

Dated this 21st day of August, 2025.

                                                  SARAH E. PITLYK
                                                  UNITED STATES DISTRICT JUDGE